UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NIVIA A. GORE | CIVIL ACTION |
| VERSUS | NO. 13-76 |
| DOLLAR TREE STORES, INC. | SECTION "N" (5) |

### ORDER AND REASONS

Presently pending before the Court are four motions. The Court rules on them as stated herein.

Having carefully considered the parties' submissions, **IT IS ORDERED** that Plaintiff's motion seeking to continue the November 12, 2013 trial date (Rec. Doc. 26) is **GRANTED** to the extent that the trial date is continued until Monday, January 13, 2014, at 8:30 a.m. A final pre-trial conference shall be held on Thursday, December 19, 2013, at 9:30 a.m. The conference presently scheduled to be held on October 31, 2013 is cancelled. The parties are to schedule another settlement conference with the assigned magistrate judge no later than Friday, December 13, 2013.

**IT IS FURTHER ORDERED** that Defendant's motion seeking to strike Dr. Randolph Rice and Dr. Larry Stokes as expert witnesses for Plaintiff (Rec. Doc. 17) is

1

**GRANTED**. Defendant represents that Plaintiff did not submit expert reports for these witnesses in accordance with the July 3, 2013 deadline set in the Court's April 11, 2013 Scheduling Order (Rec. Doc. 8); rather, Defendant's first notice of these witnesses apparently was provided by Plaintiff's August 2, 2013 Witness and Exhibit List (Rec. Doc. 15). Additionally, though the motion was taken under submission on September 4, 2013, Plaintiff has not filed a memorandum in opposition to the motion.

**IT IS FURTHER ORDERED** that Defendant's motion seeking to exclude the testimony of Dr. Misty Suri, a treating physician (Rec. Doc. 32), is **DENIED**. On the showing made, the Court does not find that Plaintiff has improperly sought belated treatment by Dr. Suri for strategic, rather than rehabilitative, purposes.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Rec. Doc. 10) is **DENIED**. When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). And, "when both parties have submitted evidence of contradictory facts," factual controversies are to be resolved in favor of the nonmoving party. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). As presented, the parties' submissions require the trier-of-fact to make credibility determinations pertinent to Defendant's alleged prior notice of the substance upon which Plaintiff slipped and the reasonableness of Defendant's employee's response to such notice. *See* La. R.S. 9:2800.6 (setting forth elements of negligence slip-and-fall claim against a merchant). Specifically, the trier-of-fact must weigh Plaintiff's testimony regarding Defendant's store manager's alleged statements to her,

only minutes after her fall, identifying the substance upon which she slipped as pet urine remover, indicating that someone had broken *three* bottles of the substance *earlier* that day, and stating he already had cleaned up two bottles, but missed one,[1] against the store manager's testimony disagreeing with Plaintiff's assertions, but nonetheless representing that he previously had cleaned up a similar spill reported by a customer in a different area of the same store aisle, that, upon cleaning up the earlier spill, he had not inspected surrounding areas, including the area whether Plaintiff later fell, to ascertain whether any other spills existed, and that he *later* found an opened bottle of pet urine remover on a register shelf between the register aisles and assumed it was the same substance on which Plaintiff had slipped.[2]

Given the foregoing, the Court, on the showing made, finds that triable dispute of material fact exists and, thus, is not in position to grant summary judgment in Defendant's favor. Nevertheless, the Court notes the motion is a close one and the instant ruling is without prejudice to Defendant's right to seek a judgment as a matter of law, pursuant to Rule 50 of the Federal Rules of Civil Procedure, at trial.

New Orleans, Louisiana, this 25th day of October 2013.

                                            **KURT D. ENGELHARDT**
                                            **United States District Judge**

**Clerk to Copy:**

Magistrate Judge Alma L. Chasez

---

[1] *See* Deposition Transcript of Plaintiff (Rec. Doc. 16-2), pp.52, 57, and 62-63.

[2] *See* Deposition Transcript of Martin Zeller (Rec. Doc. 10-4), pp. 43-48, 51-52, and 56-64.